**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| | |
|---|---|
| IN RE:<br>**Julia L. Roach**<br>Debtors | CHAPTER 13<br><br>CASE NO.: **21-12963-MDC** |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Hill Wallack, LLP, counsel for Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust F ("Movant"), and Brad J. Sadek, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at 4054 Ellendale Road, Drexel Hill, PA 19026 (the "Property").

3. The Debtors currently have a post-petition arrearage of $4,700.48 representing the monthly payments due on the First Mortgage from November 1, 2021 through February 1, 2022 (4 months @ $1,175.12/mo.) and Attorney's Fees and Cost in the amount of $1,050.00 plus $188.00 for a total of $5,938.48.

4. Debtor is to file an Amended Chapter 13 Plan within 30 days of this Order incorporating the post-petition arrears in the amount of $5,938.48 to the pre-petition arrears in the amount of $31,543.53 per the Proof of Claim filed November 9, 2021 for a total of $37,482.01 to be cured over the life of the Plan.

5. Beginning March 1, 2022, Debtor shall commence payment of the regular monthly payment in the amount of $1,175.12, subject to adjustment on proper notice.

6. Should the Debtors fail to make any of the Post-Petition Monthly Payments due or file the amended Plan than Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within fifteen (15) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

7. In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. Debtors' tendering of a check to Carrington Mortgage Services, LLC c/o Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust F, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

10. The parties agree that a facsimile signature shall be considered an original signature.

_/s/Angela C. Pattison, Esq._  
Angela C. Pattison, Esquire  
Counsel for Movant

Brad J. Sadek, Esquire  
Counsel for Debtors

No Objection - Without Prejudice to Any Rights or Remedies  
_/s/ LeeAne O. Huggins    March 9, 2022_  
Kenneth E. West, Chapter 13 Trustee